UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**HAYWARD BANKS**                                      **CASE NO.  1:22-CV-03934**

**VERSUS**                                             **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**                      **MAGISTRATE JUDGE KAY**
**ET AL**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to Fed. R. Civ Pro. 12(B)(6) filed by State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company" (Doc. 21). The Motion is unopposed and the time for doing so has now lapsed.

## INTRODUCTION

Hurricane Laura made landfall near Lake Charles, Louisiana on August 27, 2020, and Hurricane Delta made landfall near Lake Charles, Louisiana on October 9, 2020. Plaintiff alleges that his property was damaged as a result of the Hurricanes.  During the relevant time period, State Farm Fire & Casualty Company insured the Plaintiff's property.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224

F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendants, State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company move to be dismissed from the instant lawsuit because they did not issue the policy. Defendants submit the policy[1] which clearly states that it was issued by Defendant, State Farm Fire & Casualty Company. Thus, there is no privity between Plaintiff and these Defendants. Because Plaintiff cannot state a claim against these Defendants, there can be no action for breach of contract. *Upper Room Bible Church, Inc. v. Sedgwick Delegated Auth.*, 2022 WL 17735546, at *2 (E.D. La. Dec. 16, 2022) (quoting *Allday v. Newpark Square I Office Condo. Ass'n, Inc.*, 327 So.3d 566, 574 (La. App. 5th Cir. 2021). As such, these Defendant must be dismissed.

---

[1] Defendant's exhibit A.

## CONCLUSION

For the reasons set forth herein, the Motion filed by State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company will be granted dismissing these Defendant with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 4th day of October, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE